PASQUALE FUSCO, DEFENDANT-RESPONDENT, v. CAMBRIDGE PIECE DYEING CORPORATION, PROSECUTOR-APPELLANT.

Submitted October 25, 1946—Decided January 17, 1947.

For the defendant-respondent, *Marcus & Levy* (*Isadore Rosenbloom,* of counsel).

For the prosecutor-appellant, *John W. Taylor.*

The opinion of the court was delivered by

EASTWOOD, J. This is a workmen's compensation case. The only question involved is one of fact, whether the defendant-respondent established by the evidence that he suffered a hernia caused by an accident arising out of and in the course of his employment. The Workmen's Compensation Bureau, the Court of Common Pleas of Passaic County, and the Supreme Court have so found.

Defendant-respondent allegedly suffered a hernia while pushing a heavy truck when it was stopped suddenly by one wheel catching in a depression of the cement floor at prosecutor-appellant's place of business, whereby his groin came into contact with a corner of the truck.

We find that the proofs are barren of evidence of "traumatic" hernia, sufficient to bring the claim within the statute. *R. S.* 34:15–12 (X). The established proofs revealed that the alleged accident complained of occurred on September

13th, 1943, at approximately nine P. M., and that although defendant-respondent complained of injury, he nevertheless continued about his work until the regular quitting time. He returned the next day to work at three o'clock in the afternoon and worked until about seven P. M., when he complained he could no longer stand the pain. He remained sitting down until eleven P. M., at which time, he returned to his home and stayed in bed. He called in the family physician, Dr. De Mattia, on September 16th, 1943. On the next day, September 17th, 1943, he saw the company doctor, Dr. Bohl, at his office and underwent an examination. A truss was apparently prescribed by Dr. Bohl, and continuously worn thereafter by defendant-respondent. In July, 1944, defendant-respondent returned to his employer's place of business and has continued working there doing, as he claims, very light work. On December 15th, 1944, and again on February 24th, 1945, defendant-respondent was examined by Dr. Joseph Rubacky, who testified that defendant-respondent was suffering from an indirect inguinal hernia on the left and that the alleged accident was the proximate and producing cause of defendant-respondent's injury. Dr. Louis J. Bohl testified on behalf of the prosecutor-appellant that the defendant-respondent was suffering from a large left inguinal hernia of long duration and that there was no relationship between the alleged accident of September 13th, 1943, and that the hernia "is a great big old sloppy hernia that was there for years."

The issue is thus sharply drawn and our inquiry is limited to the sole question of whether or not defendant-respondent suffered a compensable hernia caused by an accident arising out of and in the course of his employment. No claim or finding has been made that the inguinal hernia complained of is of the commonly designated "five point" variety and the judgments below have been predicated on a determination that defendant-respondent has suffered a traumatic hernia. Medical experience has proven that inguinal hernia is a disease of gradual development and very rarely the result of an accident. The foregoing medical determination has found statutory expression as follows: "Inguinal hernia is a disease

which ordinarily develops gradually, being very rarely the result of an accident. Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury; * * *." *R. S.* 34:15–12 (x).

As previously stated, the claim for compensation is based upon traumatic hernia suffered as the result of the alleged accident of September 13th, 1943. Apparently no one actually saw the alleged accident occur, and the fact that an accident did occur as a result of the defendant-respondent's groin coming into contact with a corner of the truck he was pushing, is substantiated solely by his own testimony. We do not have the proof or testimony of Dr. De Mattia, the family physician who first examined Fusco on September 16th, 1943. As a matter of fact, the only evidence as to the nature of Fusco's injury produced on his behalf is that of Dr. Rubacky, who did not examine Fusco until December 15th, 1944, more than a year after the alleged incident, and whose testimony as to the causal relationship between the alleged accident and the injury is wholly hypothetical. It would seem natural and desirable for the defendant-respondent to call as his medical witness his own family physician, Dr. De Mattia, who presumably had first hand knowledge of the nature and extent of Fusco's injury and the probable cause thereof. No reason is apparent to us for the defendant-respondent's failure so to do. Such failure provokes natural inquiry. Dr. Bohl on the other hand, testifying as a witness for the prosecutor-appellant stated that he had examined Fusco on September 17th, 1943, shortly following the alleged injury and again on November 7th, 1944, and that he found Fusco to have a large left inguinal hernia that had been there for years.

The principle is well established that an attending physician (in this case, Dr. De Mattia) is in a better position to express an opinion as to cause and effect than a mere medical expert. *T. Shriver & Co.* v. *Court of Common Pleas et al.,*

125 *N. J. L.* 585; 17 *Atl. Rep.* (2d) 55. The absence of testimony by the attending physician, Dr. De Mattia, is especially noteworthy in view of the provisions of our Compensation Act as regards compensable hernia. The provisions are special in character and very carefully drawn. Being of such character, the proof thereof must likewise be clear and unambiguous. See *Prino* v. *Austin Co.*, 121 *N. J. L.* 518; 3 *Atl. Rep.* (2d) 621, opinion by Mr. Justice Parker. Our examination of the evidence satisfies us that the proof was far from conclusive as to the origin or cause of the hernia. There is doubt, in the absence of convincing medical testimony on behalf of the defendant-respondent, that the hernia in question is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall. As has often been said, to doubt is to deny. We are not unmindful of the rule of law that findings of fact by the Common Pleas affirmed by the Supreme Court will not be disturbed if there be any evidence to support them. The rule, however, does not bar this court from finding that there is no competent evidence to support the finding of the lower court. *Cirillo* v. *United Engineers and Constructors, Inc.*, 121 *N. J. L.* 511; 3 *Atl. Rep.* (2d) 596.

There is considerable implication in the claim petition and the proofs adduced in support thereof that defendant-respondent placed some reliance for recovery on the grounds that the injury complained of was of the commonly designated "five point" variety. In passing we observe that any recovery on these grounds must likewise be denied for lack of requisite proof of an immediate descent of the hernia which is an indispensable element of proof of the so-called "five point" type.

The judgment is accordingly reversed.

*For affirmance*—DONGES, RAFFERTY, DILL, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, BODINE, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, FREUND, McGEEHAN, McLEAN, JJ. 11.